UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 24-mj-08303-PGL-1

UNITED STATES OF AMERICA

v.

ANTON PERAIRE-BUENO

**ORDER ON EXCLUDABLE DELAY**

LEVENSON, M.J.

Defendant came before the Court, represented by counsel, for an initial appearance on May 15, 2024. At that time, the Government moved to exclude the time between the initial appearance and the conference scheduled for May 23, 2024, in the U.S. District Court for the Southern District of New York. Counsel for Defendant agreed.

With the agreement of the parties, the Court finds that the interests of justice in this case, *i.e.*, the need to allow Defendant time to prepare the case for trial or other disposition, outweigh the best interests of the public and Defendant in a trial within seventy days of the date of indictment.

Accordingly, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A): The clerk of this Court is ORDERED to enter excludable time for the period from May 15, 2024, up to and including May 23, 2024.[1]

---

[1] The parties are advised that under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of the determination(s) and order(s) set forth herein must serve and file any objections within fourteen (14) days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. Such objections must specifically designate the order or part thereof to be to be modified or set aside and the basis for objection. The district

                                                /s/ Paul G. Levenson
                                                United States Magistrate Judge

Date: May 21, 2024

---

judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hospital,* 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l*, 116 F.3d 962, 964–65 (1st Cir. 1997).