```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )  Criminal Action
v.                                  )  No. 1:24-mj-08303-PGL-1
                                    )  Pages 1 to 16
ANTON PERAIRE-BUENO,                )
                                    )
        Defendant.                  )
                                    )


              BEFORE THE HONORABLE PAUL G. LEVENSON
                  UNITED STATES MAGISTRATE JUDGE


                       INITIAL APPEARANCE
                      (Digital Recording)


                          May 15, 2024
                           12:34 p.m.


            John J. Moakley United States Courthouse
                        One Courthouse Way
                   Boston, Massachusetts 02210




                      Linda Walsh, RPR, CRR
                     Official Court Reporter
            John J. Moakley United States Courthouse
                        One Courthouse Way
                   Boston, Massachusetts 02210
                      lwalshsteno@gmail.com
```

```
 1    APPEARANCES:

 2    On Behalf of the Government:

 3         UNITED STATES ATTORNEY'S OFFICE
           By: AUSA J. Mackenzie Duane
 4         1 Courthouse Way, Suite 9200
           Boston, Massachusetts 02210
 5         617-748-3654
           mackenzie.duane@usdoj.gov
 6

 7    On Behalf of the Defendant:

 8         FICK & MARX LLP
           By: William W. Fick, Esq.
 9             Daniel N. Marx, Esq.
           24 Federal Street, 4th Floor
10         Boston, Massachusetts 02110
           857-321-8360
11         wfick@fickmarx.com
           dmarx@fickmarx.com
12

13

14

15

16

17

18

19

20

21

22            Proceedings recorded by sound recording and
                produced by computer-aided stenography.
23

24

25
```

```
 1                    P R O C E E D I N G S
 2            (Recording begins at 12:34:47)
 3            THE CLERK:  Good afternoon.  The United States
 4   District Court for the District of Massachusetts is now in
 5   session, the Honorable Paul G. Levenson presiding.
 6            You may be seated.
 7            Today is May 15th, 2024.  The United States versus
 8   Anton Peraire-Bueno, Docket Number 24-MJ-8303.
 9            Counsel, please identify yourself for the record.
10            MS. DUANE:  Good afternoon, Your Honor.  Mackenzie
11   Duane on behalf of the United States.
12            THE COURT:  Good afternoon.
13            MR. FICK:  Good afternoon, Your Honor.  William Fick
14   and Daniel Marx for Mr. Peraire-Bueno.
15            THE COURT:  Good afternoon.  Nice to see you.
16            Mr. Peraire-Bueno, please stand.  Am I saying your
17   name correctly?
18            THE DEFENDANT:  Yes.
19            THE COURT:  Okay.  I'm Magistrate Judge Paul Levenson,
20   and this hearing is your initial appearance before this Court.
21   I'm the magistrate judge assigned to the case here in
22   Massachusetts.
23            You're here because you've been charged in an
24   indictment from the Southern District of New York with federal
25   crimes, and at this hearing I will briefly discuss the charge
```

1  against you and I will discuss with you some of your rights,
2  including important constitutional rights, such as your right
3  to be represented by counsel.
4          I'll consider your release or detention while your
5  case proceeds.  And I may set a date for the next hearing in
6  your case, although it's also entirely possible that that will
7  need to be set in the Southern District of New York.  This is
8  not a trial.  You're not going to be asked to answer the
9  charges at this time.
10         So let's start with the right to counsel.  You have
11 the right to be represented by counsel, that is, by a lawyer in
12 all stages -- excuse me -- in all stages of the proceedings in
13 and out of court, including during this hearing you are
14 entitled to a reasonable opportunity to confer with your
15 lawyer.  Your lawyer can be present during any questioning by
16 authorities.  And you have the right to hire a lawyer of your
17 own choosing, and if you cannot afford to hire a lawyer, the
18 Court will appoint one at no cost to you.
19         Do you understand your right to an attorney?
20         THE DEFENDANT:  Yes.
21         THE COURT:  And I take it that there's retained
22 counsel here?
23         MR. FICK:  Yes, Your Honor.
24         THE COURT:  Okay.  All right.  Now, I also need to
25 advise you about your right to remain silent.  Under the United

1  States Constitution, this right to remain silent means you
2  don't have to say anything to anyone about the charges in the
3  indictment.  You're not required to make any statement.  If you
4  have made a statement, you're not required to say anything
5  more.  If you start to make a statement, you may stop at any
6  time, and you need to know that anything you do say can be used
7  against you in a court of law.
8          Is there any question of consular notification in this
9  case?
10         MR. FICK:  No, Your Honor.  This is dual citizenship.
11         THE COURT:  Okay.  All right.  And that means no issue
12 of consular notification?
13         MR. FICK:  Well, interesting question --
14         THE COURT:  He may have a right to notification.
15         MR. FICK:  I suppose.  To answer your question, at
16 least I don't know the answer to that in this situation.
17         THE COURT:  Okay.  All right.  In any case, if the --
18 assuming it's relevant in this district, and it may not be, but
19 if -- what we're talking about, Mr. Peraire-Bueno, is people
20 with -- certainly citizens of other countries have a right if
21 they are arrested to have their consular authorities,
22 diplomatic officials from their home country notified, and you
23 may indeed have that right with respect to a country as to
24 which you are a dual citizen.  That's a right that typically is
25 exercised by having your attorneys notify the prosecution and

1  asking them to notify consular authorities of the arrest.
2  That's something you can discuss with your attorneys and review
3  if you want to invoke any rights in that regard.
4         So what is the government's position?  I think it
5  probably doesn't make sense to do maximum penalties and so
6  forth, which, as near as I can tell, are not actually required
7  under Rule 5 even though they're commonly recited, but here
8  it's Rule 5 and going to another district.  But I've received
9  some information suggesting the parties are at least partway in
10 agreement on terms for release here; is that right?
11        MS. DUANE:  Your Honor, we are in agreement.
12        THE COURT:  Okay.  All right.  Then why don't I let
13 Mr. Peraire-Bueno sit down, and you can tell me what you guys
14 are in agreement on and I'll find out if I am as well.
15        MS. DUANE:  Yes, Your Honor.
16        The parties are recommending a $250,000 bond secured
17 by cash or real property, and we're asking that that bond be
18 cosigned by two people and that it be met within two weeks.  So
19 by --
20        THE COURT:  The full amount to be secured?
21        MS. DUANE:  Yes, the full amount to be secured.
22        -- by May 29th of 2024.  So he can be released today.
23 He just needs to meet that condition by May 29th, 2024.
24        THE COURT:  Okay.
25        MS. DUANE:  We are recommending location monitoring

1  with a bracelet and a curfew from 12:00 a.m. to 6:00 a.m.
2         We are also recommending what would otherwise be a
3  standard condition of basically surrendering of any passport or
4  travel documents and to make no new applications.  The
5  defendant is a dual citizen, as mentioned, between the United
6  States and Spain.  And I believe that law enforcement did take
7  those passports, but I state it anyway.
8         For other special conditions, one special condition is
9  that the defendant be prohibited from trading of any kind, and
10 we ask that that condition be met within seven days.
11        Also, that the defendant be prohibited from validating
12 on blockchain; that the defendant be prohibited from discussing
13 the case with his co-defendant, who is his brother.
14        THE COURT:  How is that going to work?
15        MS. DUANE:  So obviously, the defendant is going to
16 communicate with his brother.  We are asking only that he not
17 be allowed to communicate about the case specifically, unless
18 he's in the presence of defense counsel.
19        THE COURT:  I mean, it strikes me as a good idea for
20 lots of reasons, but I'm not at all sure what mechanism there
21 is --
22        MS. DUANE:  To enforce it.
23        THE COURT:  -- to enforce it.  And I have reluctance
24 to impose conditions that may not work as a practical matter.
25        MS. DUANE:  Well --

THE COURT: I don't know. I take it these are agreed on -- agreed conditions.

Counsel, do you have thoughts on how to make this work or what we should say about it?

MR. FICK: Certainly our advice to any defendant would be to not communicate about the case with anyone, whether inside or outside the family, outside of the presence of counsel. I don't know that -- I understand the Court's concern about, you know, imposing conditions that may not be enforceable, although I think there are lots of conditions where it's sort like the honor system.

THE COURT: You may be right.

MR. FICK: And so, you know, we don't have -- it's good advice, it's a reasonable condition, it's really a standard condition, so we have no objection to it. I recognize the Court's observation but it may be unenforceable.

THE COURT: All right. I certainly take your point that there are plenty of conditions that are not practicably enforceable that we impose in the expectation that people are as good as their word, and they generally are. So, all right, you talked me into that one. What else do you have?

MS. DUANE: That travel be restricted to the District of Massachusetts, the Southern District of New York, the Eastern District of New York, and the points in between that the defendant may travel in order to get to court.

```
 1              And I believe that's it, Your Honor, along with those
 2   standard conditions.
 3              THE COURT:  All right.  And defendants agree with
 4   these conditions?
 5              MR. FICK:  Yes, Your Honor.
 6              THE COURT:  All right.  And let me just hear from
 7   Probation.  Any difficulty or logistical issues around location
 8   monitoring here?
 9              U.S. PROBATION:  No, Your Honor.  I just have to
10   notify our office.
11              THE COURT:  Okay.  We have devices available and so
12   forth?
13              U.S. PROBATION:  I believe so.
14              THE COURT:  All right.  I think all of those
15   conditions make sense to me and fit with my understanding of
16   what's been charged here, so I will impose them.  And let's --
17   Ms. Dumoulin, do you need me to walk through those a little
18   slower than we just went through them?
19              THE CLERK:  I just have a question about the curfew.
20              THE COURT:  Okay.  I heard 12:00 a.m. to 6:00 a.m.; is
21   that correct?
22              MS. DUANE:  That's correct, Your Honor.
23              MR. FICK:  And I guess, just so the Court understands,
24   the reason why the trading condition is set to kick in only
25   within seven days is because there may be --
```

1       THE COURT:  I assume there are positions that need to
2  be unwound.
3       MR. FICK:  There are some things that have to be
4  unwound, some automated positions, some access to devices to
5  execute these things that were seized, and so I think with
6  counsel that's going to take some time to work out.
7       THE COURT:  Understood.  I'm sorry.  Oh, prohibited
8  from validating on any blockchain.  I believe we're using a
9  generic term of validation on blockchain, even though the
10 charged offense involves a specific blockchain and specific
11 cryptocurrency, makes sense to me.
12      I am just going over the written materials I received
13 on this a few minutes ago.
14      MR. FICK:  Oh, and the agents have shown us they have
15 the passports here and can give them directly to the Probation
16 Officer.
17      THE COURT:  All right.  I will impose it as a
18 condition, but it sounds like it's been satisfied, or at least
19 the surrender of passports.  Obviously there's the prohibition
20 on obtaining any new passport.  I'm also required to notify the
21 defendant of the provisions of Rule 20, even though it almost
22 never comes into play.
23      You're charged in the Southern District of New York,
24 and in all likelihood that's where you are going to be going to
25 face these charges.  Really the only way you could stay here

1    for purposes of resolving your case would be pursuant to a
2    procedure under Rule 20 of the Federal Rules of Criminal
3    Procedure, and that would involve agreeing to plead guilty, and
4    it would involve agreement by the U.S. Attorney both in this
5    district and in the Southern District of New York.  Only under
6    those circumstances can a case be transferred to the district
7    of arrest under Rule 20.  So that's something of a rarity to
8    say the least, but I am required to notify you about it.
9             I take it there's no contest on identity here?
10            MR. FICK:  Correct.
11            THE COURT:  Okay.  And no occasion for a preliminary
12   hearing since there's an indictment in place.
13            Beyond that, before I get to admonitions regarding
14   conditions of release, I will notify the government here,
15   although most of this I'm sure will be as a practical matter
16   for the Southern District of New York and the U.S. Attorney's
17   Office there, but under Rule 5(f) of the Federal Rules of
18   Criminal Procedure, I do remind the United States of its
19   obligation to produce all exculpatory evidence to the defendant
20   pursuant to *Brady versus Maryland* and its progeny.  And I'm
21   required to remind the United States that failure to do so in a
22   timely fashion can result in sanctions, such as exclusion of
23   evidence, adverse jury instructions, dismissal of charges or
24   contempt proceedings, and we will go ahead and enter a written
25   order to that effect on the record.

1           Anything else before we go over the statutory
2  conditions of release?  Ms. Duane?
3           MS. DUANE:  No, Your Honor.
4           The only other item I would note is that there is a
5  pretrial conference scheduled in this case for May 23rd, 2024,
6  at 11:00 a.m. in New York, and I would move to exclude the time
7  until that hearing.
8           THE COURT:  Any objection to excluding the time?
9           MR. FICK:  No, Your Honor.
10          THE COURT:  Okay.  I will order that.  The clerk can
11 enter that order of exclusion.  You may want to let your
12 counterparts in New York know that they're going to need to
13 pick up the stitch.  The Rule 5 dockets don't always carry over
14 to the entries in the clerk's office in another district, but I
15 think that fits squarely in the category of somebody else's
16 problem.
17          So with that -- I need a moment here.
18          (Pause.)
19          THE COURT:  So Mr. Peraire-Bueno, please stand.
20          I need to advise you about some of the laws that are
21 going to affect you while you're out on release.  And we've
22 discussed special terms that will be written in the release
23 document that you receive and sign.
24          One important point I'll raise right at the front is
25 don't try to interpret those yourself.  If there's anything in

1  there that you think is ambiguous or that you're tempted to
2  read one way or another, the reason you have lawyers is to ask
3  their advice.  And so check with your lawyers before you read
4  into anything what is or isn't permitted.
5         I can imagine ambiguities particularly where you will
6  need to travel between two locations.  I expect your lawyers
7  will tell you that means pretty darn direct travel, but that's
8  the kind of thing that it's worth talking to your lawyers about
9  to make sure there are no misunderstandings.  So the first
10 thing I need to tell you is that these conditions of release
11 are not just suggestions, they're legally binding.  And if you
12 violate your conditions of release, a judge could issue an
13 arrest warrant, you could be jailed until trial, and you could
14 be prosecuted for contempt of court.  And apart from any
15 sentence you might receive for any crime you're charged with
16 now, violating your conditions of release could result in a
17 prison term, a fine or both.
18        You also need to know that while you're out on
19 pretrial release, if you commit any federal or state crime, you
20 could face more severe punishment than you would receive for
21 committing that same crime at any other time.  In other words,
22 one of the conditions of release is that you not commit any
23 state or federal crime.  So that becomes its own violation with
24 a separate section under the United States Code, and any prison
25 term for violating these terms by committing a crime would be

1    consecutive to, meaning on top of, any other sentence you might
2    receive.
3         You also need to know that it's a crime to try to
4    bribe, to influence, to threaten, intimidate, or retaliate
5    against any witness, victim, informant, or anyone else who may
6    have information about this case.
7         It's also a crime to try to obstruct justice or to
8    threaten, intimidate, injure, or try to influence any juror or
9    any court officer, including a probation officer.  And again,
10   any prison term for threats or obstruction would be on top of
11   any other sentence you might receive.
12        And finally, I need to tell you about a separate
13   offense, sometimes called bail jumping.  If you knowingly fail
14   to appear as required by your conditions of release, and you
15   have now been informed that you are required to appear on May
16   23rd at 11:00 a.m. in the Southern District of New York -- I
17   take it that's the Foley Square Courthouse.  Do we know the
18   answer to that?
19        MS. DUANE:  The Pearl Street building?  Is that the
20   same?
21        THE COURT:  Right, there's more than one courthouse in
22   the Southern District of New York.  I take it that between
23   Mr. Fick and Mr. Marx and Williams & Connolly, they can figure
24   out where they need to show up.
25        MR. FICK:  Yes.  We'll certainly make sure that he is

1  aware, yes, Your Honor.
2          THE COURT:  All right.  But in any case, you have to
3  show up when ordered.  And again, if you fail to appear as
4  required by your conditions of release or if you fail to
5  surrender for service of a sentence pursuant to a court order,
6  that's a separate criminal offense, and punishments for failure
7  to appear can include a prison term of up to ten years, which
8  would be on top of any sentence you might receive for any other
9  offense.  In addition, if you fail to appear, any bond that is
10 posted may be forfeited.
11         Counsel, is there anything else we need to review now?
12         MS. DUANE:  Nothing from the government, Your Honor.
13         MR. FICK:  I don't believe so, Your Honor.
14         THE COURT:  Okay.  With that, we'll be in recess.
15 You'll need to remain here to sign your bail documents and your
16 release.
17         THE CLERK:  All rise.  We are now in recess.
18         MS. DUANE:  Thank you, Your Honor.
19         (Recording ends at 12:53:26)
20
21
22
23
24
25

CERTIFICATE OF OFFICIAL REPORTER


I, Linda Walsh, Registered Professional Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing transcript is a true and correct transcript of the audio-recorded proceedings held in the above-entitled matter, to the best of my skill and ability.

Dated this 23rd day of May, 2024.




/s/ Linda Walsh

Linda Walsh, RPR, CRR

Official Court Reporter